UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|   |   |
|---|---|
| RHONDA NOTTINGHAM | Case No. 1:08-cv-157 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. |  |
| COMMISSIONER OF SOCIAL SECURITY, |  |
| Defendant, |  |

# ORDER

### Adopting the R&R without Objection;
### Affirming the Commissioner's Denial of Social Security Disability Benefits;
### Terminating and Closing the Case

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to the Honorable Ellen S. Carmody, United States Magistrate Judge, for a Report and Recommendation ("R&R"). Magistrate Judge Carmody issued the R&R on January 7, 2009.

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Likewise, Federal Rule of Civil Procedure 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." *See also* W.D. MICH. LCIVR 72.3(b); *Deruso v. City of Detroit*, 121 F. App'x 64, 66 n.2 (6th Cir.

2005) ("The Rule requires parties to file objections to a magistrate's report and recommendation within ten days of the time the report is filed.") (citing FED. R. CIV. P. 72(a)); *Rodger v. White*, 1990 WL 95624, at *2 (6th Cir. July 11, 1990) ("Ordinarily, parties must file objections and exceptions to the magistrate's report within ten days of its issuance.") (citing 28 U.S.C. § 636(b)(1)).

W.D. MICH. LCIVR 5.7(d)(i)(ii), entitled Service of Electronically Filed Documents - Service on Registered Attorneys, states in pertinent part, "Consequently, service of an electronically filed document upon a registered attorney is deemed complete upon the transmission of an NEF to that attorney under subsection (i)(iv) of this rule and no certificate of service should be filed." Accordingly, the court finds that plaintiff's counsel was served with the R&R on the same date that it was issued and electronically filed by the Magistrate Judge. *See Swift v. Comm'r of Soc. Sec.*, No. 1:2007-cv-1064, 2009 WL _____, *__ (W.D. Mich. Jan. 26, 2009) (Maloney, C.J.) (applying same local rule, and finding that counsel was served with R&R on the same date that the Magistrate Judge issued and e-filed it); *Malik v. AT&T Mobility, LLC*, No. 1:2008-cv-234, 2009 WL _____, *___ (W.D. Mich. Jan. 23, 2009) (Maloney, C.J.) (applying same rule, and finding that counsel was served with adversary's motion for summary judgment on the same date that the adversary e-filed the motion).

Federal Rule of Civil Procedure 6 begins, "In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." FED. R. CIV. P. 6(a). Thus, the ten-day objection period began on January 8, 2009.

Rule 6 further provides, "When the period of time prescribed or allowed is less than 11 days,

intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." FED. R. CIV. P. 6(a). Thus the court excludes Saturday, January 10, Sunday, January 11, Saturday, January 17, Sunday, January 18, and Monday, January 19 (Martin Luther King holiday).

Thus, under FED. R. CIV. P. 6 alone, the ten-day period for filing objections expired at midnight on January 22, 2009.

However, the plaintiff seems to be entitled to an extra three days because the Rules still "allow three days" for her brief to arrive at the Clerk's Office – a vestige of the times when parties filed documents by mailing or hand-delivering paper documents to the courthouse. *See* W.D. MICH. LCIVR 5.7(d)(i)(v), Effect on Time Computation ("The additional three days to do an act or take a proceeding after service of a document applies when service is made electronically, by virtue of FED. R. CIV. P. 6(d)."). Although this rule makes little sense in the age of electronic filing and service, *see Swift*, 2009 WL ____ at *___, this court is obligated to follow it until it is amended. Allowing the extra three days for "mailing", the plaintiff's objections were due on Sunday, January 25, 2009, which is treated as Monday, January 26, 2009. *See* FED. R. CIV. P. 6(a)(3) (when the last day of a period falls on a weekend or holiday, the deadline moves to the court's next business day). That deadline has passed, and the court need not wait further for an objection from the plaintiff.

As the United States Supreme Court has held,

> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations. *See* 28 U.S.C. § 636(b)(1). To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.

*Peretz v. US*, 501 U.S. 923, 939 (1991) (citation and internal quotation marks omitted).[1]

Furthermore, the failure to file timely *specific* objections obviates not only *de novo* district-judge review of the R&R, but *all* district-judge review.  Again in the words of the Supreme Court,

> In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions.  The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.
>
> * * *
>
> Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-dispositive matters listed in § 636(b)(1)(A)] under some lesser standard.  However, § 636(b)(1)© simply does not provide for such review.  This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions].  Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard.  *We are therefore not persuaded that the statute requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, citation to enacting legislation omitted).

In any event, the court finds the R&R's outcome and rationale to be sound.[2]  For the reasons

---

[1]

*See, e.g., Johnson v. Comm'r of Soc. Sec.*, 2007 WL 2292440, *1 (N.D. Ohio 2007) ("The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made.") (Gwin, J.).

[2]

Accordingly, district judges in our circuit routinely adopt R&Rs without additional written analysis where the parties have not timely and specifically objected:

> "It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings."  * * *  Because neither party filed timely objections to [the R&R] . . . this Court need not conduct a review.

explained by the R&R, substantial evidence supported the ALJ's determination that the plaintiff was not disabled as defined by the Social Security Act.

**ORDER**

Accordingly, having reviewed the complaint, the parties' briefs, and the R&R, and having received no objections:

The R&R [document # 11] is **ADOPTED**.

The complaint is **DISMISSED.**

This case is **TERMINATED** and **CLOSED**.

**This order is final, but it is not appealable.**  *See Southall v. City of Grand Rapids*, 2008

---

*Russell v. Caruso*, 2007 WL 3232126, *2 n.3 (W.D. Mich. 2007) (Maloney, J.) (quoting *Brown v. US*, 2007 WL 2156283, *1 (E.D. Mich. 2007) (Gadola, J.) (quoting *Thomas v. Arn*, 474 U.S. 140, 150 (1985))).

*See also Lewis v. SSA*, 2008 WL 3875403, *1-2 (W.D. Mich. Aug. 15, 2008) (Maloney, C.J.); *Veltkamp v. SSA*, 528 F. Supp.2d 716, 718 n.2 (W.D. Mich. 2007) (Maloney, J.);

*Hart v. Ridge Tool Co.*, 2007 WL 1983688, *2 (N.D. Ohio 2007) (Nugent, J.); *Montalvo v. GMC*, 2006 WL 1888704, *1 (N.D. Ohio 2006) (Zouhary, J.) ("Neither party objected . . . . * * * Thus, the Court declines to review the Magistrate's report.");

*Wallace v. Jackson*, 2006 WL 467915, *1 (E.D. Mich. 2006) (Gadola, J.) (citing *Lardie v. Birkett*, 221 F. Supp. 806, 807 (E.D. Mich. 2002)); *Tangwall v. Robb*, 2003 WL 23142190, *1 (E.D. Mich. 2003) (Lawson, J.) (where party's objections to R&R were untimely, court stated, "[T]he failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion [considered in the R&R].").

WL 3739163, *3 (W.D. Mich. Oct. 29, 2008) (Maloney, C.J.) (citing *Harris v. Detroit Pub. Schs.*, 245 F. App'x 437, 442 n.6 (6th Cir. 2007) ("[A] party's failure to object to the recommendations of a magistrate judge constitutes a waiver of the right to appeal.") (citing *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981))); *see also Sarampote v. White*, 2009 WL 125036, *8 (W.D. Mich. Jan. 16, 2009) (Quist, J.) and *Isaacson v. Cliffs River Marina*, 2009 WL 103959, *2 (W.D. Mich. Jan. 13, 2009) (Bell, J.) and *Robinson v. Bergh*, 2009 WL 33479, *4 (W.D. Mich. Jan. 5, 2009) (Edgar, J.) (all citing *Thomas* and *Walters*).[3]

**IT IS SO ORDERED**.

Date:   January 29, 2009                  /s/ Paul L. Maloney
                                          Paul L. Maloney
                                          Chief United States District Judge

---

[3]

*See, e.g., Schrader v. Comm'r of Soc. Sec.*, 2008 WL 360649, *3 with n.5 (W.D. Mich. Feb. 7, 2008) (Maloney, J.) (citing, *inter alia*, *Ramjit v. Moore*, 243 F. App'x 103, 104 (6th Cir. 2007) ("respondent waived this issue due to his failure to object on this ground to the magistrate judge's report and recommendation") (citing, *inter alia*, *Thomas*, 474 U.S. at 155)).

*See also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006) ("Frontier did not file an objection to the default entry within ten days of the magistrate's report and recommendation. * * *  Frontier's silence constitutes a waiver of the right to appeal the entry of default.");

*US v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) ("Sullivan failed to file objections to the magistrate judge's findings with the district court and, as a result, has waived any challenge to the district court's denial of his motion to suppress the identification evidence.");

*Adkins v. United Mine Workers of America*, 1995 WL 44630, *3 (6th Cir. July 25, 1995) ("Because the plaintiffs did not file written objections to the magistrate's order within ten days, they have waived appellate review of this issue.") (citing *Thomas*, 474 U.S. at 155, and *Willis v. Sullivan*, 931 F.2d 390, 400-01 (6th Cir. 1991)).